Monica Bhattacharyya (mbhattacharyya@kasowitz.com)
Michael E. Hagenson (mhagenson@kasowitz.com)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHILDREN'S NETWORK, LLC d/b/a PBS KIDS SPROUT; COMCAST CHILDREN'S NETWORK HOLDINGS, LLC; and COMCAST PROGRAMMING HOLDINGS, LLC,

          Plaintiffs,

v.

PIXFUSION LLC,

          Defendant.

JUDGE COTE

Case No. 10 CIV 2511

**COMPLAINT**

**JURY TRIAL DEMANDED**



RECEIVED MAR 19 2010 U.S.D.C. S.D.N.Y. CASHIERS

---

Plaintiffs Children's Network, LLC d/b/a PBS Kids Sprout, Comcast Children's Network Holdings, LLC and Comcast Programming Holdings, LLC (collectively, "Sprout") bring this action against Defendant PixFusion LLC for a declaration that United States Patents Nos. 5,623,587 ("the '587 Patent") and 6,351,265 ("the '265 Patent") are invalid and are not infringed by Sprout.

## PARTIES

1. Plaintiff Children's Network, LLC d/b/a/ PBS Kids Sprout is a Delaware limited liability company with its principal place of business in Philadelphia, Pennsylvania. Children's Network, LLC, a 24-hour preschool network created for children ages 2-5 and their parents and caregivers, operates the website www.sproutonline.com. Users of www.sproutonline.com can, if they independently so choose, create personalized media by uploading photographs to the

website (or other sites operated by Sprout and linked to www.sproutonline.com), cropping the photographs and inserting the cropped portions of the photographs into pre-existing images.

2.   Plaintiff Comcast Children's Network Holdings, LLC is a Delaware limited liability company with its principal place of business in Wilmington, Delaware. Comcast Children's Network Holdings, LLC is a direct parent and the controlling equity holder of Plaintiff Children's Network, LLC d/b/a/ PBS Kids Sprout.

3.   Plaintiff Comcast Programming Holdings, LLC is a Delaware limited liability company with its principal place of business in Wilmington, Delaware. Comcast Programming Holdings, LLC, through intermediaries, is the parent of Plaintiff Comcast Children's Network Holdings, LLC.

4.   On information and belief, Defendant PixFusion LLC is a Delaware corporation with its principal place of business at 5 W. 19th St. 2nd Floor North, New York, NY, 10011. PixFusion holds itself out on its website www.pixfusion.com as "a leader in personalized entertainment and composite imagery across all media formats" that "creates audio and photo personalized video products and services applying its patented technology to automate the production process."

## JURISDICTION AND VENUE

5.   This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   This Court has personal jurisdiction over Defendant PixFusion because PixFusion conducts regular business from its headquarters in New York City.

7.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)(1).

## FACTS

8.   The '587 Patent is entitled "Method and Apparatus for Producing an Electronic Image" and was issued by the United States Patent and Trademark Office on April 22, 1997. A

true and correct copy of the '587 Patent is attached hereto as Exhibit A.

9. The '265 Patent is entitled "Method and Apparatus for Producing an Electronic Image" and was issued by the United States Patent and Trademark Office on February 26, 2002. A true and correct copy of the '265 Patent is attached hereto as Exhibit B.

10. The '587 and '265 Patents are both assigned, according to publicly available information at the United States Patent and Trademark Office, to Kideo Productions, Inc. However, PixFusion has asserted, including in other judicial proceedings, that it is the assignee of all rights, title, and interest in the '587 and '265 Patents. PixFusion further claims on its website www.pixfusion.com that the '587 and '265 Patents are part of "[t]he PixFusion patent library."

11. PixFusion has repeatedly filed lawsuits in this judicial district against entertainment and media entities alleging infringement of the '587 and '265 Patents, for example:

- On November 2, 2007, PixFusion sued Officemax Incorporated and Toy An Advertising Agency LLC in the United States District Court for the Southern District of New York for infringement of the '587 and '265 Patents. PixFusion voluntarily dismissed this action with prejudice on December 18, 2007, with respect to claims released in a license agreement with Officemax.

- On November 2, 2007, PixFusion sued Funnybit Studios, LLC in the United States District Court for the Southern District of New York for infringement of the '587 and '265 Patents. PixFusion voluntarily dismissed this action with prejudice on May 6, 2008, pursuant to a settlement and license agreement.

- On November 20, 2007, PixFusion sued Work in Progress Fabrications, LLC, in the United States District Court for the Southern District of New York for, on information and belief, infringement of the '587 and '265 Patents. On September 12, 2008, the Court entered a Final Judgment and Permanent Injunction on Consent enjoining Work in Progress from manufacturing, having manufactured

on its behalf, designing, using, selling, or offering to sell certain products that infringe on the PixFusion patents.

- On February 5, 2008, PixFusion sued JibJab Media, Inc., in the United States District Court for the Southern District of New York for infringement of the '587 and '265 Patents. PixFusion voluntarily dismissed this action with prejudice pursuant to stipulation on August 15, 2008.

12. In each of the above lawsuits, on information and belief, PixFusion alleged that the defendants infringed the '587 and '265 Patents by facilitating the creation of personalized media, including by allowing Internet users to insert photographs of their choosing into pre-existing animated films.

13. The personalized media products and services offered by Sprout include:

- PicMe (which may be found at the url http://www.sproutonline.com/sprout/picme/ );
- Barnyard Boogie (which may be found at the url http://www.sproutonline.com/sprout/ssu/boogie.aspx?returnurl=/sprout/games/detail.aspx%3fid%3d4285d8e9-d54e-4945-8f51-9bcf00a75638%26seen%3dtrue );
- The Fifth Wiggle (which may be found at the url http://www.sproutonline.com/sprout/the-wiggles/sproutlet-wiggles-game.aspx ); and
- Dress Like Chica (an Apple iPhone app which is described at http://www.apptism.com/apps/dress-chica ).

14. In or before August, 2009, PixFusion, through its representative and investor Mercury Capital Partners, contacted Sprout to request discussion of a possible business relationship between PixFusion and Sprout. The parties agreed to meet on August 4, 2009. During that meeting, PixFusion provided a written slide presentation to Sprout that, among other things: (1) describes the '587 and '265 Patents as part of PixFusion's "[p]roprietary IP;" (2) touts PixFusion's "Successful Track Record" in "IP Enforcement;" (3) in a slide titled "Patent Portfolio," claims that it has "[p]revailed in all ten enforcement actions take[n] to date," that "[l]icensing [is] available to third parties," and, ominously, that "[m]any companies [are] on infringement radar for DVDs and Internet campaigns." PixFusion's website includes a section

titled "Patent Licensing Overview and FAQs," a true and correct copy of which is attached hereto as Exhibit C. PixFusion's licensing overview explains that PixFusion sends letters that identify products or promotions that it believes infringe its patents. PixFusion explains that it will consider the expected value of the accused product or promotion in calculating a reasonable royalty rate, and warns that failure to take a license could result in costly litigation and "potentially significant liability." PixFusion's website also includes a section titled "Technology," a true and correct copy of which is attached hereto as Exhibit D. There, PixFusion instructs "digital media compan[ies] that want[] to provide a photo-personalized video product or promotion for a client" to inquire about obtaining a PixFusion license in order to "prevent delays and litigation for your client's photo-personalized promotional endeavors."

15. The parties met again on or about September 29, 2009 and held a telephone conference on or about December 18, 2009. Later in the day after the telephone conference, PixFusion sued seven companies in the United States District Court for the Eastern District of Texas for purported infringement of the '587 and '265 Patents.

16. PixFusion subsequently sent Sprout a letter dated February 23, 2010 that addressed the '587 and '265 Patents and, among other allegations, charged that "any further infringing conduct by Comcast may be viewed as willful infringement." In that letter PixFusion also brought to Sprout's attention the recently filed Eastern District of Texas action, and stated that PixFusion reserved the right to enforce all of its claims under all of its patents against all Comcast products.

17. An actual controversy exists between Sprout, on the one hand, and PixFusion, on the other hand, regarding questions of infringement and validity of the '587 and '265 Patents, and Sprout is entitled to relief as requested.

## FIRST CLAIM

### (Declaratory Judgment of Non-Infringement of the '587 Patent)

18. Sprout incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth in this paragraph.

19. Sprout does not infringe, either directly, indirectly, or otherwise, any valid claim of the '587 Patent.

20. As a result of the acts described in the foregoing paragraphs, there exists a genuine and substantial controversy of sufficient immediacy and reality concerning Sprout's alleged infringement of the '587 Patent to warrant the issuance of a declaratory judgment of noninfringement.

21. A judicial declaration is necessary so that Sprout may ascertain its rights regarding the '587 Patent.

## SECOND CLAIM

### (Declaratory Judgment of Invalidity of the '587 Patent)

22. Sprout incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth in this paragraph.

23. The '587 Patent is invalid for failing to meet one or more of the requirements for patentability, including the requirements set forth in 35 U.S.C. §§ 102, 103, and 112.

24. As a result of the acts described in the foregoing paragraphs, there exists a genuine and substantial controversy of sufficient immediacy and reality concerning the validity of the '587 Patent to warrant the issuance of a declaratory judgment of invalidity of the '587 Patent.

25. A judicial declaration is necessary so that Sprout may ascertain its rights regarding the '587 Patent.

## THIRD CLAIM

### (Declaratory Judgment of Non-Infringement of the '265 Patent)

26. Sprout incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth in this paragraph.

27. Sprout does not infringe, either directly, indirectly, or otherwise, any valid claim of the '265 Patent.

28. As a result of the acts described in the foregoing paragraphs, there exists a

genuine and substantial controversy of sufficient immediacy and reality concerning Sprout's alleged infringement of the '265 Patent to warrant the issuance of a declaratory judgment of noninfringement.

29. A judicial declaration is necessary so that Sprout may ascertain its rights regarding the '265 Patent.

## FOURTH CLAIM

### (Declaratory Judgment of Invalidity of the '265 Patent)

30. Sprout incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth in this paragraph.

31. The '265 Patent is invalid for failing to meet one or more of the requirements for patentability, including the requirements set forth in 35 U.S.C. §§ 102, 103, and 112.

32. As a result of the acts described in the foregoing paragraphs, there exists a genuine and substantial controversy of sufficient immediacy and reality concerning the validity of the '265 Patent to warrant the issuance of a declaratory judgment of invalidity of the '265 Patent.

33. A judicial declaration is necessary so that Sprout may ascertain its rights regarding the '265 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Sprout requests that this Court enter judgment in its favor as follows:

[1] Declaring that Sprout does not infringe, either directly, indirectly, or otherwise, any valid claim of the '587 Patent;

[2] Declaring the claims of the '587 Patent invalid;

[3] Declaring that Sprout does not infringe, either directly, indirectly, or otherwise, any valid claim of the '265 Patent;

[4] Declaring the claims of the '265 Patent invalid;

[5] Awarding Sprout its costs and reasonable expenses;

[6] Declaring this an exceptional case and awarding Sprout its attorneys' fees; and

[7] Granting Sprout such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Sprout demands a trial by jury of all matters to which it is entitled by jury.

DATED: March 19, 2010

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: *[signature]*

Monica Bhattacharyya
(mbhattacharyya@kasowitz.com)
Michael E. Hagenson
(mhagenson@kasowitz.com)
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile:  (212) 506-1800

Of Counsel:

Brian L. Ferrall (bferrall@kvn.com)
Ashok Ramani (aramani@kvn.com)
Melissa J. Miksch (mmiksch@kvn.com)

KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

*Attorneys for Plaintiffs*
*Children's Network, LLC d/b/a PBS Kids Sprout; Comcast Children's Network Holdings, LLC; and Comcast Programming Holdings, LLC.*